UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THEODORE E. POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13-1163 |
| ) | |
| MAYOR VINCENT GRAY, ) | |
| ) | |
| Respondent. ) | |

FILED
JUL 30 2013
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The petitioner is a former employee of the District of Columbia Public Schools who was terminated on November 30, 2010. *See* Pet. ¶¶ 31, 38. He "is seeking relief from . . . injuries on the job, in servitude of injustice, extortion, coercion, unfair labor law practices, Miranda Right Violations, double punishment, medical malpractice, violation of Department of Justice's Identity Theft and Assumption Deterrence Act of 1998." *Id.* at 1 (introductory paragraph). Specifically, he demands reinstatement to his teaching position, and full retirement and medical benefits. *Id.* at 12-13.

The extraordinary writ of mandamus is available to compel an "*officer or employee of the United States or any agency thereof* to perform a duty owed to plaintiff," 28 U.S.C. § 1361 (emphasis added), and the Court therefore cannot compel the Mayor of the District of Columbia to provide the relief petitioner demands. *See Powell v. Gray*, No. 12-0902, 2013 WL 3155367,

at *1 (D.D.C. June 14, 2013). The petition for a writ of mandamus will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting). An Order accompanies this Memorandum Opinion.

DATE: 7/20/13

_____
United States District Judge